**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

**In re:** **Chapter: 13**

**Tumeka McGhee** **Case No: 14-32119-DHW**

**Debtor(s).**

## AFFIDAVIT IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY

Megan Angela Piecora, being duly sworn, deposes and says:

1. I am a/an Vice President Loan Documentation of Wells Fargo Bank, N.A. ("Wells Fargo") and am authorized to sign this affidavit on behalf of Wells Fargo. This affidavit is provided in support of the Motion for Relief from Stay (the "Motion") filed contemporaneously herewith.

2. As part of my job responsibilities for Wells Fargo, I have personal knowledge of and am familiar with the types of records maintained by Wells Fargo in connection with the account that is the subject of the Motion (the "Account") and the procedures for creating those types of records. I have access to and have reviewed the books, records and files of Wells Fargo that pertain to the Account and extensions of credit given to the Debtor(s) concerning the property securing such Account.

3. The information in this affidavit is taken from Wells Fargo's business records regarding the Account. The records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge, and (b) kept in the course of Wells Fargo's regularly conducted business activities. It is the regular practice of Wells Fargo to create and maintain such records.

4. The Debtor(s) Tumeka Mcghee has/have executed and delivered or is/are otherwise obligated with respect to the attached promissory note (the "Debt Agreement"). Pursuant to the attached

mortgage (the "Security Instrument"), all obligations of the Debtor(s) under and with respect to the Debt Agreement and the Security Instrument are secured by the property referenced in the Motion. The terms of the Debt Agreement were amended by the attached loan modification agreement entered into by and between Wells Fargo Bank, N.A. and the Debtor(s) dated December 4, 2009 (the "Loan Modification Agreement").

5. As of October 27, 2016, there are two or more defaults in paying post-petition amounts due with respect to the Debt Agreement.

6. As of October 27, 2016, the unpaid principal balance of the Debt Agreement is $61,655.44.

7. The following chart sets forth those post-petition payments, due pursuant to the terms of the Debt Agreement, that have been missed by the Debtor(s) as of October 27, 2016:

| Number of Missed Payments | From | To | Missed Principal and Interest | Missed Escrow (if applicable) | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 3 | 08/01/2015 | 10/01/2015 | $271.83 | $284.38 | $556.21 | $1,668.63 |
| 2 | 11/01/2015 | 12/01/2015 | $271.83 | $283.51 | $555.34 | $1,110.68 |
| 3 | 01/01/2016 | 03/01/2016 | $307.22 | $283.51 | $590.73 | $1,772.19 |
| 7 | 04/01/2016 | 10/01/2016 | $307.22 | $311.72 | $618.94 | $4,332.58 |
| Less post-petition partial payments (suspense balance) | | | | | | ($140.19) |
| | | | | | **Total:** | **$8,743.89** |

8. As of October 27, 2016, the total post-petition arrearage/delinquency and amount necessary to cure the post-petition default alleged in the Motion is $8,743.89, consisting of (i) the foregoing total of missed post-petition payments in the amount of $8,743.89, plus (ii) the following post-petition fees:[1]

| Description | Amount |
|---|---|
| N/A | N/A |

[1] The total of missed post-petition payments for this impounded loan includes any missed escrow payments. Such missed escrow payments include amounts assessed for taxes and insurance and any previously assessed escrow shortage amount (if applicable). To avoid duplication, post-petition (if any) made for insurance, real estate taxes, or similar charges are not listed separately to the extent such advances would have been paid from the missed escrow payments. As part of the next annual RESPA analysis, Wells Fargo will determine whether the escrow payments assessed to the debtor (including the missed escrow payments) result in a projected escrow shortage or overage. All rights are hereby reserved to assert or request any escrow amounts in accordance with RESPA and the total post-petition arrearage/delinquency is qualified accordingly.

9. The following documents are attached as exhibits and incorporated herein by reference:

   a. Attached hereto as Exhibit A is a true and correct copy of the Debt Agreement.

   b. Attached hereto as Exhibit B is a true and correct copy of the Mortgage.

   c. Attached hereto as Exhibit C is a true and correct copy of the Loan Modification Agreement.

   d. Attached hereto as Exhibit D is a post-petition payment history.

   e. Attached hereto as Exhibit E is an addendum listing all fees and charges assessed to the account of the Debtor(s) post-petition.

I solemnly affirm under penalty of perjury and upon personal knowledge that the contents of the foregoing paper are true.

EXECUTED on November 9, 2016.

Megan Angela Piecora

Megan Angela Piecora
Vice President Loan Documentation
Wells Fargo Bank, N.A

State of South Carolina )
County of York )

Sworn/affirmed to and subscribed before me on this 9th day of November, 2016. Personally known [ ] or produced identification [x ].
Type of identification produced _Driver's License_.

Mary Helen Wilson
(Signature of Notary Public)
My commission expires 04/04/2017
Notary seal

MARY HELEN WILSON
Notary Public, State of South Carolina
My Commission Expires April 4, 2017

401-AL Middle-V6